HILL v. PEOPLES.

Opinion delivered July 23, 1906.

TRUST—UNAUTHORIZED ACT OF AGENT—RATIFICATION.—While trustees with power to sell land can not legally delegate to an agent the power to fix prices thereon and make sales, they may ratify sales made by an agent without authority.

Appeal from St. Francis Chancery Court; *Edward D. Robertson*, Chancellor; affirmed.

*John Gatling,* for appellants.

*J. M. Prewett,* for appellee.

1. There was a contract of sale. Possession under this contract and improvements made take the case out of the statute of frauds. 1 Ark. 391; 8 *Id.* 272; 30 *Id.* 249; 42 *Id.* 246; 44 *Id.* 334.

2. When the owner of property, with full knowledge of the facts, stands by and permits it to be sold without giving notice, or asserting his rights, he is estopped from setting up title against the purchaser. 10 Ark. 11; 18 *Id.* 142; 24 *Id.* 371.

3. $800 was the price to Featherstone, and subrogation gives his vendee the benefit of it as against his vendors. 49 Ark. 207.

4. Rights of parties are fixed by their contract. Giving a rent note can not change the relation. 51 Ark. 218; 39 *Id* 560; 54 *Id.* 15.

*John Gatling,* in reply.

Specific performance is never decreed where it would be inequitable. Story, Equity, § § 769, 770; 19 Ark. 51. Possession of land by a purchaser, to constitute part performance, must have been taken under the contract. 44 Ark. 342.

McCULLOCH, J. Wm. H. Wood of Memphis, Tenn., was the owner of the quarter-section of land in controversy, situated in St. Francis County, Arkansas, and died, leaving his last will and testament, whereby he devised the same to Napoleon Hill, Noland Fontaine and Robt. H. Wood as trustees with full power to sell and convey all the lands owned by him. Robt. H. Wood resigned as trustee, and S. P. Read was appointed in his stead.

In the year 1891 or 1892 the defendant, Dan Peoples, and another, to whose rights he has succeeded, entered into possession of said tract of land, which was then wild and unimproved, and he has continued to occupy the same since then. He has cleared, fenced and put into cultivation from 60 to 75 acres of the land (according to the varying estimates of the witnesses) and built several houses thereon. He claims to have purchased the land fom one Featherstone, who is alleged to have been acting as agent for said trustees, and made payment on the purchase

price from year to year to Featherstone and other agents of the trustees. These trustees all resided in Memphis.

In July, 1903, said trustees instituted in the circuit court of St. Francis County an action of unlawful detainer against the defendant, Peoples, to recover possession of said land, alleging in their complaint that said defendant had been occupying said land as their tenant, and was holding over without right.

The defendant filed his answer, cross-complaint and motion to transfer to equity, and set forth his alleged contract for the purchase of the land at the price of $1,600, payable in ten years without interest, and prayed for a specific performance of the plaintiffs' alleged contract to convey the land to him.

The cause was transferred to the chancery court, and the plaintiffs then filed an amended complaint and answer to the cross-complaint, denying all the allegations of the cross-complaint with reference to any sale of the land to defendant. Upon final hearing the chancellor found in favor of the defendant as to the contract for the sale of the land, and entered a decree for specific performance of the contract, and made a reference to a master to state an account of the amount of balance due by the defendant on the purchase price and the taxes paid on the land by the plaintiffs. The master reported a balance of $762.98 due by defendant, the court overruled the plaintiffs' exceptions to said report, decreed the same to be a lien on the land, and ordered a sale thereof by commissioner. The plaintiffs appealed.

We are of the opinion that the finding of the chancellor that there was a sale of the land to the defendant by Featherstone as agent of the plaintiffs is not against the preponderance of the evidence. It is strenuously urged by counsel that none of the trustees except Mr. Hill agreed to the sale, and that he, acting alone, was without authority to make the sale; that it required the concurrence of two of the trustees to make a valid sale under the power contained in the will. It undoubtedly required the concurrence of two of the trustees, but we can not say that the chancellor was wrong in his conclusion that the other trustees acquiesced in or ratified the act of Hill in making the sale. It appears from Mr. Fontaine's testimony that he offered to sell the land to Featherstone, and we think the chancellor was not without warrant from this proof in finding that these trustees

80—2

adopted and ratified the acts of each other in contracting for sales of land. Moreover, the trustees permitted the defendant to occupy the land from year to year, to make valuable improvements, and also to make payment to them from year to year. It is true that they say that they accepted these payments as rent, and had no actual knowledge that the defendant was claiming to be the purchaser of the land; but, even without actual information, they were bound to take notice of his rights when they were receiving payments from 'him annually and knew that he was making valuable improvements on the land. We do not overlook the principle that those acting in a representative capacity can not delegate their authority to another. These trustees could not legally delegate to an agent the authority to fix prices on the lands and make sales, but a ratification of the sale made by the agent was equivalent to making the sale themselves.

We think there was, however, error in the decree in fixing the price of the land at $800. The defendant alleged in his pleadings that he agreed to pay $10 per acre or $1,500 for the whole tract. He testified that he agreed to pay that amount for it, and Featherstone testified that the defendant was to pay $15 per acre. The chancellor evidently based his conclusion upon an offer made by Fontaine, one of the trustees, to sell to Featherstone for $5 per acre, payable in cash on October 1, 1893. He therefore fixed the price at $800, and charged the defendant with interest at six per cent. per annum from October 1, 1893. In this he erred. It is not shown that Featherstone accepted the offer. Certainly, he never paid the price nor received a conveyance. On the contrary, it is shown that he disregarded this offer, and sold the land to the defendant for a much higher price. He had moved to Texas long before this litigation arose, and in his deposition states his recollection of the transaction as follows: "My recollection is that the price was about $15 per acre for whatever he (Peoples) bought, and payments to commence three years after date of sale. All the land was in the woods, and the buyers were to be given time, about equal to the usual lease, before being called on for payments." Appellee testified: "I bought the land from Mr. Featherstone. I was to pay him $10 per acre, and was to have ten years to pay for it, without interest."

There can be no correct theory of the case, considering the proof adduced, upon which the defendant can be permitted to take advantage of the unaccepted cash offer made to Featherstone, in the face of his express agreement to pay double that price. We think the preponderance of the evidence establishes the fact that the agreed price of the land was $1,600, payable in installments without interest. Adding to this the amount of taxes paid by plaintiff on the land, with interest thereon, makes a total of $1,682.25. Deducting the total payments, $655, made by the defendant (not including the payments to Featherstone which the latter testified were not on purchase price but on advance made for building material and supplies) leaves a balance of $1,027.25 which the defendant must pay, with interest at six per cent. per annum from November 1, 1902.

The decree is therefore affirmed as to the specific performance of the contract to convey, but reversed as to the amount found due on the purchase price, with directions to enter a decree for the plaintiffs for the sum named above with interest aforesaid. It is so ordered.

BATTLE and WOOD, JJ., dissent, holding that the cause should be reversed and remanded with directions to dismiss the cross-complaint for want of equity and to enter a decree in favor of the plaintiffs for possession of the land.